UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARLINGTON HOSPITALITY, INC., | ) | No. 05 B 34885 |
| et al., | ) | (jointly administered) |
| | ) | |
| Debtors. | ) | Judge Goldgar |

### FINAL PRETRIAL ORDER

This matter is set for final hearing on the motion of debtors and debtors in possession for final orders pursuant to 11 U.S.C. §§ 364(c) and 364(d) [docket item No. 18], and on the anticipated request of Arlington LF, LLC, for payment of administrative expenses, at the United States Courthouse, 219 South Dearborn Street, Room 613, Chicago, Illinois on May 4, 2006, at 9:30 a.m. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

**1. Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date.

**2. Discovery.** Discovery cut-off is March 31, 2006. This is a final cut-off. All discovery must be completed by this date.

**3. Pleadings.** Except for the request of Arlington LF for payment of administrative expenses and any responses to that request, no party seeks to file any further pleadings, objections, memoranda or dispositive motions.

**4. Exhibits and Exhibit Lists.** Fourteen (14) days before the hearing date, all parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number.

In addition to the exhibits, all parties must exchange and file with the court a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

One (1) set of the exhibits and one (1) copy of the exhibit list must be submitted to chambers on the filing date.

If no written objection to an exhibit is filed with the court and tendered to the proponent within seven (7) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence.

5. **Witnesses and Witness Lists.** Fourteen (14) days before the hearing date, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

6. **Joint List of Stipulated Facts.** To the extent reasonably possible, the parties must stipulate to facts and documents. Fourteen (14) days before the hearing date, the parties must file with the court a joint list, signed by counsel, stating all facts and documents to which the parties have stipulated. The stipulations are deemed admitted into evidence.

7. **Depositions.** If deposition transcripts are to be read into evidence at the hearing, at least fourteen (14) days before the hearing date the parties must submit a list of all such depositions and must identify the portions to be read. All irrelevant and redundant material and all attorney colloquy must be eliminated. Complete copies of the deposition transcripts, with the portions to be read into evidence identified, must also be submitted to the court. If a party proposes to use a video deposition at the hearing, all opposing parties must be notified sufficiently before the hearing to permit any objection to be made and ruled on.

8. **Motions *in limine.*** All motions to limit, exclude or bar testimony of a witness, or to exclude deposition testimony, must be filed at least seven (7) days before the hearing date. Responses are due three (3) days thereafter. No replies may be filed.

9. **Trial Briefs.** No later than seven (7) days before the hearing date, each party must file and serve a trial brief. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief must (1) describe what the party believes the evidence at the hearing will show, (2) identify the salient legal issues, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits.

     **10. Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

    a.    Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

    b.    Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

    c.    Any legal claim, theory or argument not raised and thoroughly discussed in a party's trial brief with appropriate citations to legal authority will be deemed waived. The claim will not be considered, and no evidence relevant to it will be admitted. *SNA Nut Co. v. Haagen-Dazs Co.*, 302 F.3d 725 (7th Cir. 2002).

    d.    Failure to file a trial brief will bar a party from presenting any witnesses or introducing any evidence at the hearing. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

Dated: January 25, 2006

                              ENTER: _____
                                          A. Benjamin Goldgar
                                          United States Bankruptcy Judge