# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Arlington Hospitality, Inc., et al | ) | Case No. 05 B 34885 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: February 22, 2006 at 9:30 a.m. |

## NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

   PLEASE TAKE NOTICE that on February 22, 2006 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar in the Court Room usually occupied by him, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois and present the **Final Fee Application of Chanin Capital LLC as Investment Banker for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period September 2, 2005 Through and Including February 2, 2006**, at which time and place you may appear as you see fit.

Dated:  February 2, 2006                                           Respectfully submitted,

                                                                  **ARLINGTON HOSPITALITY, INC., ET AL**


                                                                  By:   */s/ Jayne Laiprasert*
                                                                        One of its Attorneys

Catherine Steege (06183529)
Brian H. Meldrum (6271672)
Jayne Laiprasert (06283321)
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
PH:    (312) 923-2952
FAX:  (312) 840-7352

## **CERTIFICATE OF SERVICE**

I, Jayne Laiprasert, certify that I caused a copy of the foregoing **Final Fee Application of Chanin Capital LLC as Investment Banker for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period September 2, 2005 Through and Including February 2, 2006** to be served upon counsel of record and those individuals listed on the attached Service List by depositing the same in the U.S. mail receptacle located at One IBM Plaza, Chicago, Illinois 60611, properly addressed and postage prepaid, on February 2, 2006.



                                               */s/ Jayne Laiprasert*
                                                Jayne Laiprasert


# SERVICE LIST
## In re Arlington Hospitality, Inc.
### Casse No. 05-34885

Stephen G. Wolfe
United States Trustee
227 W. Monroe St., Suite 3350
Chicago, IL  60606
Telephone:  312-886-7480
Facsimile:  312-886-5794
E-Mail:  steve.g.wolfe@usdoj.gov

Paula J. Morency
Jon C. Vigano
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL  60606
Telephone:  312-258-5500
Facsimile:  312-258-5600
E-Mail:  pmorency@schiffhardin.com
          jvigano@schiffhardin.com

Daniel M. Eliades
Gail B. Cooperman
Forman Holt & Eliades, L.L.C.
218 Route 17 North
Rochelle Park, NJ  07662
Telephone:  201-845-1000
Facsimile:  201-845-9112
E-Mail:  deliades@formanlaw.com
          gcooperman@formanlaw.com

Toby L. Gerber
Mark A. Platt
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:  214-855-8000
Facsimile:  214-855-8200
E-Mail:  tgerber@fulbright.com
          mplatt@fulbright.com

Thomas C. Wolford
James A. Snyder
Neal Gerber & Eisenberg LLP
Two N. LaSalle St., Suite 2200
Chicago, IL  60602
Telephone:  312-269-8000
Facsimile:  312-269-1747
E-Mail:  twolford@ngelaw.com
          jsnyder@ngelaw.com

Patrick M. Jones
Timothy S. McFadden
Lord Bissell & Brook LLP
115 S. LaSalle St.
Chicago, IL  60603
Telephone:  312-443-0700
Facsimile:  312-443-0336
E-Mail:  pjones@lordbissell.com
          tmcfadden@lordbissell.com

John Robert Weiss
Katten Muchin Rosenman LLP
525 W. Monroe St., Ste. 1600
Chicago, IL  60661-3693
Telephone:  312-902-5644
Facsimile:  312-577-4733
E-Mail:  john.weiss@kmzr.com

K. C. McDaniel
Katten Muchin Rosenman LLP
575 Madison Ave.
New York, NY  10022-2585
Telephone:  212-940-8800
Facsimile:  212-940-8776
E-Mail:  kc.mcdaniel@kmzr.com

Melanie Rovner Cohen
Christopher Combest
Quarles & Brady LLP
Citicorp Center, Suite 3700
500 W. Madison St.
Chicago, IL  60661
Telephone:  312-715-5000
Facsimile:  312-715-5155
E-Mail:  mcohen@quarles.com
       ccombest@quarles.com

Matthew J. Botica
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL  60601-9703
Telephone:  312-558-6318
Facsimile:  312-558-5700
E-Mail:  mbotica@winston.com

Linda M. Weber
LaSalle National Bank
135 S. LaSalle St., Ste. 2140
Chicago, IL  60603
Telephone:  312-904-9338
Facsimile:  3152-904-8169
E-Mail:  linda.weber@abnamro.com

Steven A. Ginther
Special Assistant Att'y General
Missouri Dept. of Revenue
301 W. High St., Room 670
P.O. Box 475
Jefferson City, MO  65105-7232
Telephone:  573-751-5531
Facsimile:  573-751-7232
E-Mail:

Sheryl C. Allenson
The Law Offices of Stuart P. Krauskopf, P.C.
2 N. LaSalle St., Ste. 1200
Chicago, IL  60602
Telephone:  312-224-7060
Facsimile:  312-264-5618
E-Mail:  sheryl@stuklaw.com

Jonathan E. Aberman
Foley & Lardner LLP
321 N. Clark St., Ste. 2800
Chicago, IL  60610
Telephone:  312-832-4394
Facsimile:  312-832-4700
E-Mail:  jaberman@foley.com

Bruce L. Wald
Tishler & Wald, Ltd.
200 S. Wacker Dr., Ste. 3000
Chicago, IL  60606-5815
Telephone:  312-876-3800
Facsimile:  312-876-3816
E-Mail:  bwald@tishlerandwald.com

Roland Hwang
Ass't Attorney General
Revenue Division
G. Mennen Williams Building, 2nd Floor
P.O. Box 30754
Lansing, MI  48909
Telephone:  517-373-3203
Facsimile:  517-241-2741
E-Mail:  hwangr@ag.state.mi.us

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Arlington Hospitality, Inc., et al | ) | Case No. 05 B 34885 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: February 22, 2006 at 9:30 a.m. |

**FINAL FEE APPLICATION OF
CHANIN CAPITAL LLC AS INVESTMENT
BANKER FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 2, 2005 THROUGH AND INCLUDING FEBRUARY 2, 2006**

Chanin Capital LLC ("Chanin"), Investment Banker to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 607 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby submits this final fee application (this "Application") for allowance of compensation for services rendered and reimbursement of expenses incurred for the period September 2, 2005 through and including February 2, 2006 (the "Application Period") and respectfully requests that this Court enter an order awarding Chanin final compensation of $985,628.00 for professional services rendered and $40,228.23 for ordinary and necessary expenses incurred during the Application Period. In support of the foregoing request, the Applicant respectfully states as follows:

2

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code.

**INTRODUCTION**

3. On June 22, 2005, Arlington Inns, Inc., a wholly owned subsidiary of Arlington Hospitality, Inc., commenced its chapter 11 case. On August 31, 2005, Arlington Hospitality, Inc., the parent corporation of Arlington Inns, Inc. and 20 of its other subsidiaries filed their own voluntary Chapter 11 petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On October 28, 2005, four remaining subsidiaries filed chapter 11 petitions.

4. On September 2, 2005, the Court entered its Order Authorizing the Employment and Retention of Chanin Capital LLC as Investment Bankers (the "Retention Order"). A true and correct copy of the Retention Order is attached hereto as Exhibit A. Paragraph 12 of the Chanin's retention application incorporated the engagement agreement between Chanin and the Debtors dated August 1, 2005 (the "Engagement Agreement") pursuant to 11 U.S.C. § 328(a). A true and correct copy of the Engagement Agreement is attached to hereto as Exhibit B.

5. The Engagement Agreement, as approved by the Retention Order, entitles Chanin to the following compensation: (a) a "Monthly Advisory Fee" of $40,000.00 per month during the term of the engagement; (b) a "M&A Transaction Fee" equal to 3.0% of the aggregate consideration received by the Debtors in connection with the sale of their business assets during the term of the engagement; (c) a "Financing Fee" equal to 1.5% of any senior debt security debtor-in-possession loan; and (d) repayment of actual expenses incurred by Chanin during the

3

engagement. The Monthly Advisory Fee, per the Engagement Agreement, is to be credited against the receipt of the M&A Transaction and the Financing Fee.

## SERVICES PROVIDED

6. During its engagement, Chanin participated extensively in the Debtors' cases.

- Chanin consulted and advised the Debtors' management, board of directors, and attorneys on strategic alternatives to maximize the value of the Debtors' estates.

- Chanin prepared and managed due diligence materials and conducted financial analyses on numerous aspects of the Debtors' businesses.

- Chanin coordinated the Debtors' ultimately successful efforts to obtain a debtor-in-possession financing facility: it developed marketing materials for distribution to potential post-petition lenders, identified interested post-petition lenders, analyzed all offers from all debtor-in-possession lenders, led negotiations with each potential lender, and provided witness and litigation support when the Debtors' sought Court approval of the post-petition financing facility.

- Chanin was similarly instrumental in the Debtors' successful efforts to sell their business assets. It developed and distributed marketing materials, analyzed and consulted the Debtors in connection with selecting a stalking-horse bidder, led the negotiations that culminated with the selection of the stalking-horse bidder, conducted the auction process, analyzed and consulted the Debtors regarding bids made at the auction, and provided witness and litigation support when the Debtors sought approval of the asset sale.

7. On September 2, 2005, the Court entered its Interim Order Authorizing the Incurrence of Indebtedness Secured By Liens on and Security Interests in Substantially All Assets of the Debtors Pursuant to Sections 364(c)(1), (2) and (3) of the Bankruptcy Code and Scheduling a Final Hearing on Approval of Such Financing on a Final Basis (the "<u>DIP Order</u>"). Pursuant to the DIP Order, the Debtors were authorized to borrow from the DIP Lender up to $6,000,000.00. The Debtors drew on this facility in the amount of $3,514,010.00 during the course of the case. This amount was used to provisionally repay the Debtors' pre-petition lender, LaSalle Bank, N.A.

8. Chanin's work on the asset sale side was also successful. On December 7, 2005, after a multi-day auction conducted by Chanin, the Debtors obtained Court approval for the sale of substantially all of their business assets to Sunburst Hospitality, Inc. ("Sunburst") and SJB Equities, Inc., ("Bortle") on December 7, 2005 (the "Asset Sale"). On January 18, 2006, the Debtors closed the Asset Sale. In connection with the Asset Sale, the Debtors received the following consideration: (a) from Sunburst, $8,020,000.00 in cash and $18,552,304.00 in assumed debt; (b) from Bortle, $150,000.00 in cash; and (c) from Cendant, $1,150,000.00. Additionally, two hotels with a total mortgage of $3,224,960.00 were assumed by the mortgage lender, PMC Commercial Trust ("PMC"). The total consideration from these transactions is thus $31,097,264.00.

9. The professional services rendered by Chanin during the Application Period required a high degree of professional competence and expertise, so that the numerous issues requiring evaluation and response by the Debtors could be addressed with skill and dispatch. The provision of such services, therefore, has required the expenditure of substantial time and effort. All services and costs for which compensation is requested by Chanin in this Application were reasonable and necessary and were performed on behalf of the Debtors, and not for or on behalf of any other person. All of the professional services that Chanin rendered to the Debtors during the Application Period are set forth in detail, and incorporated herein by reference, in Group Exhibit C.

## COMPENSATION SOUGHT FOR APPROVAL

10.     Pursuant to its Engagement Agreement, Chanin seeks approval of $1,025,856.23 in final compensation and expenses for (a) the M&A Transaction Fee ($932,918.00); (b) the Financing Fee ($52,710.00); and (c) actual expenses ($40,228.23).  Of this amount, $836,258.00 currently remains unpaid and owing to Chanin.  This total is set forth on Chanin's Final Fee Analysis attached hereto as Exhibit C, and the amounts are calculated as follows:

| Category | Calculation | Subtotal |
|---|---|---|
| M&A Transaction Fee<br>    3.0% of consideration | (31,097,264 * 0.03) | $932,918.00 |
| Financing Fee<br>    1.5 % of post-petition debt | (3,514,010 * 0.015) | $52,710.00 |
| **Total Fees Requested** | | **$985,628.00** |
| Credit: Pre-Petition Fees | ($40,000 * 2) | ($80,000.00) |
| Credit: Post-Petition Fees Paid | ($32,000 * 2) | ($64,000.00) |
| Unpaid Compensation | | $841,628.00 |
| **Total Expenses Requested** | | **$40,228.23** |
| Credit: Expenses Previously Paid | | ($18,598.23) |
| Unpaid Expenses | | $21,630.00 |
| Total Remaining Unpaid Compensation and Expenses | | $863,258.00 |

11.     Because Chanin's compensation is comprised of a flat-rate and various success fees as opposed to on an hourly basis, as the Debtors noted in their application to retain Chanin, Chanin did not maintain detailed time records.  However, for the benefit of the Court in deciding this fee application, Chanin did track its hours and categorize them generally.  A description of its hours, broken into "Project Category" "Task Description" and "Hours" is set forth in

Exhibit C hereto. As noted thereon, Chanin spent 2,272.50 hours working on the Debtors' engagement.

## PRIOR INTERIM COMPENSATION

12. On September 7, 2005, this Court entered the Order Granting Motion to Establish Procedures for Interim Professional Compensation and Reimbursement of Expenses (the "Interim Compensation Order"), pursuant to which professionals retained in these cases are authorized to serve upon the parties identified therein monthly fee statements (the "Monthly Fee Statements"). Upon expiration of a fifteen-day objection period specified in the Interim Compensation Order, if no objection is received, the Debtors are authorized to pay professionals eighty percent (80%) of the fees and 100% of the expenses sought in the Monthly Fee Statements. If an objection is received, the Debtors are authorized to pay eighty percent (80%) of the fees and 100% of the expenses that are not subject to the objection.

13. Pursuant to the Interim Compensation Order, Chanin has been paid $64,000.00 in compensation and $18,598.23 in expenses as two months of post-petition Monthly Advisory Fees and expenses. In addition, they received $80,000.00 for 2 months of pre-petition monthly advisory fees pursuant to the Engagement Agreement. All four months of Monthly Advisory Fees are credited against the M&A Transaction Fee and Financing Fee in the request for final compensation.

14. This is Chanin's final application for compensation and reimbursement of expenses.

## ACTUAL AND NECESSARY EXPENSES

15. Chanin also requests $40,228.23 as reimbursement for 100% of actual and necessary expenses Chanin incurred during the period from September 2, 2005 through

7

February 2, 2006. Chanin has been reimbursed for $18,598.23 of these expenses. Therefore, Chanin is requesting expense reimbursement in the amount of $21,630.00. Chanin has had to fund all of the expenses sought hereby before seeking reimbursement. Chanin includes in this application only those items of expense that it customarily charges its client and which are not otherwise absorbed into Chanin's overhead. Chanin has provided a supporting summary of the expenses incurred in <u>Exhibit C</u>.

## **CONCLUSION**

16.     No agreement exists between Chanin and any third person for the sharing of compensation received by Chanin in these cases, except as allowed by the exception set forth in Section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Chanin.

17.     From September 2, 2005 through and including February 2, 2006, Chanin devoted 2,272.50 hours to represent the Debtors, and in so doing has provided the Debtors' estates with actual and necessary financial services worth a total of $985,628.00 and has incurred expenses totaling $40,228.23.

WHEREFORE, Chanin, Investment Banker for the Debtors herein, respectfully requests that this Court enter an order:

A.     Approving final compensation in favor of Chanin in the amount of $985,628.00 for actual, necessary and reasonable professional services rendered on behalf of the Debtors from September 2, 2005 through and including February 2, 2006;

B.     Approving final reimbursement of expenses in favor of Chanin in the amount of $40,228.23 for actual, necessary and reasonable expenses incurred on behalf of the Debtors from September 2, 2005 through and including February 2, 2006;

      C.      Authorizing and directing the Debtors to pay to Chanin the difference between the amount allowed hereunder and the amounts previously paid to Chanin; and

      D.      Granting such other and further consistent relief as the Court may deem equitable and just.

      Respectfully submitted,

      **ARLINGTON HOSPITALITY, INC., et al**

      By:  */s/ Jayne Laiprasert*
           One of its attorneys

Catherine L. Steege (ARDC #06183529)
Brian H. Meldrum (ARDC #06271672)
Jayne Laiprasert (ARDC #06283321)
**Jenner & Block LLP**
One IBM Plaza
Chicago, IL 60611
Phone: (312) 222 -9350
Fax: (312) 527- 0484
csteege@jenner.com
bmeldrum@jenner.com
jlaiprasert@jenner.com

Dated: February 2, 2006

9