UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARLINGTON HOSPITALITY, et al., | ) | No. 05 B 34885 (jointly administered) |
| | ) | |
| Debtors. | ) | Judge Goldgar |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING WINSTON & STRAWN LLP,
<u>INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

| | | | |
|---|---|---|---|
| Total fees requested: | $241,549.50 | Total costs requested: | $10,493.87 |
| Total fees reduced: | $ 10,379.50 | Total costs reduced: | $0.00 |
| Total fees allowed: | $231,170.00 | Total costs allowed: | $10,493.87 |

**TOTAL FEES AND COSTS ALLOWED: $241,663.87**

THE COURT HAS UNDERLINED THE ATTACHED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART. THE NUMBER THAT APPEARS TO THE RIGHT OF EACH HIGHLIGHTED ENTRY DISCLOSES THE BASIS FOR EACH DISALLOWANCE. THE NUMBERS REFER TO THE PARAGRAPHS BELOW.

**(1)     Improper Allocation of Professional Resources**
     The court denies the allowance in part of compensation for tasks where a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

**(2)     Unreasonable Time**
     The court denies the allowance in part of compensation for tasks where the professional or paraprofessional expended an unreasonable amount of time on the task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The court will determine what is the reasonable amount of time an attorney should have to spend on a given project.... An attorney should not be

rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate.")). *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

(3)     **Reimbursement Limited to Actual, Necessary Expenses**

The court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B), 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles.

(4)     **Insufficient Description**

The court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D.Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

(5)     **Duplication of Services**

The court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(i). Also, when more than one attorney appears in court on a motion or argument or for a conference, no fee should be sought for non-participating counsel. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary.").

(6)     **Meal Expenses**

The court denies the allowance of reimbursement for meal expenses. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

(7)     **Lumping**

The court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

**(8)    Trustee Work Can Not Be Compensated As Professional Services**

"The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation." *Boldt v. United States Trustee (In re Jenkins)*, 130 F.3d 1335, 1341 (9th Cir. 1997).

**(9)    Proper Time Increments for Billing**

The court may impose a ten percent penalty for using improper time increments for billing. "Professional persons . . . cannot, in all honesty and reasonableness, charge their clients for increments in excess of one-tenth of an hour." *In re Wildman*, 72 B.R. 700, 726 (Bankr. N.D. Ill. 1987). This penalty will be imposed where time increments larger than one-tenth of an hour are used. For example, applicants who bill time using quarter-hour increments risk the ten percent penalty.

**(10)    Fees Requested Are A Statutory Cap And Not Supported By Work Performed**

The court denies the allowance of compensation in the amount provided for in section 326 of the Bankruptcy Code when the fees requested are not supported by supporting documentation of the services performed or when such compensation appears unreasonably excessive. "The Court may award a trustee less than the statutory fee pursuant to section 326(a). Section 326(a) sets a ceiling on a trustee's fees, and does not create an entitlement to a commission in that amount." *In re Stoecker*, 118 B.R. 596, 601 (Bankr. N.D. Ill. 1990). "The maximum statutory fee is indeed a ceiling, not a floor; reductions below it may be considered." *In re Wire Cloth Products, Inc.*, 130 B.R. 798 (Bankr. N.D. Ill. 1991).

**(11)    Overhead Costs are Non-Compensable**

The court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

**(12)    Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are considered overhead of the professional and are built into the professional's hourly billing rates. *In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to

reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

**(13)   No Benefit to the Estate**

The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A). An attorney's internal work to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

**(14)   Computational or Typographical Error**

The court denies the allowance of compensation for the following tasks because the amount of fees appears to be a computational or typographical error. Where there are two identical entries (same day, same tasks, same time billed), the court will consider one of the entries to be a typographical error.

**(15)   Work Performed before Employment Authorized**

The court denies compensation for work an attorney performed before the court authorized the attorney's retention. *In re Del Monico*, No. 04 B 38235, 2006 WL 345013, at *2 (Bankr. N.D. Ill. Feb. 15, 2006); *In re Jeanes*, No. 01-760, 2004 WL 1718093, at *2 (Bankr. N.D. Iowa June 17, 2004).

Dated: August 28, 2006

A. Benjamin Goldgar
United States Bankruptcy Judge

05-34885:1050.1:Application for Compensation:Exhibit A Entered: 7/25/2006 4:44:56 PM by:Mindy Cohn Page 2 of 22

Winston & Strawn LLP

Page: 7

**Professional Fees Statement**

| Atty | Class | Rate | Date | Hours | Amount | Description of Services Rendered | Time ID |
|---|---|---|---|---|---|---|---|
| **Task: B110** | **Case Administration** | | | | | | |
| Cohn, Mindy D. | Associate | 365.00 | 3/1/2006 | 0.50 | 182.50 | Review Orix motion | 12653783 |
| Cohn, Mindy D. | Associate | 365.00 | 3/1/2006 | 0.20 | 73.00 | Correspondence with M. Botica and Huron re status | 12653805 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/1/2006 | 1.30 | 273.00 | Online ECF research to obtain and organize summary of cash and disbursement for 15 debtors (.90); prepare email to M. Cohn attaching summaries (.40) | 12634595 |
| Cohn, Mindy D. | Associate | 365.00 | 3/2/2006 | 0.70 | 255.50 | Review Irwin Bank and Orix motions and correspondence to Huron and M. Botica re same | 12653936 |
| Wirt, David W. | Partner | 600.00 | 3/5/2006 | 2.00 | 1,200.00 | Review of latest pleadings and case status | 12660641 |
| Cohn, Mindy D. | Associate | 365.00 | 3/8/2006 | 0.50 | 182.50 | Telephone conference and correspondence with M. Botica re status | 12654534 |
| Cohn, Mindy D. | Associate | 365.00 | 3/8/2006 | 1.70 | 620.50 | Prepare for hearing (.50); attend hearing (1.0); report to M. Botica re same (.20) | 12654420 |
| Cohn, Mindy D. | Associate | 365.00 | 3/9/2006 | 0.30 | 109.50 | Correspondence to M. Botica re committee matters | 12655013 |
| Cohn, Mindy D. | Associate | 365.00 | 3/15/2006 | 0.80 | 292.00 | Attend hearing re Chanin expenses, termination agreement, and exclusivity | 12704795 |
| Cohn, Mindy D. | Associate | 365.00 | 3/16/2006 | 0.20 | 73.00 | Telephone conference with C. Steege re tax issue (.10); correspondence to M. Botica re same (.10) | 12706677 |
| Cohn, Mindy D. | Associate | 365.00 | 3/16/2006 | 1.00 | 365.00 | Update case calendar (.50); update contact list (.50) | 12708585 |
| Cohn, Mindy D. | Associate | 365.00 | 3/21/2006 | 0.20 | 73.00 | Review deposition notice and calendar same | 12708957 |
| Cohn, Mindy D. | Associate | 365.00 | 3/22/2006 | 0.30 | 109.50 | Telephone conference with T. Korf re status | 12709230 |
| Cohn, Mindy D. | Associate | 365.00 | 3/23/2006 | 0.30 | 109.50 | Telephone conference with T. Korf re status | 12709589 |
| Cohn, Mindy D. | Associate | 365.00 | 3/23/2006 | 0.50 | 182.50 | Review Irwin Bank settlement and other new filings | 12709605 |
| Dabagia, Sara E. | Paralegal | 150.00 | 3/23/2006 | 1.00 | 150.00 | Prepare various copies of Motions, scan and email to P. Stepan | 12682315 |
| Cohn, Mindy D. | Associate | 365.00 | 3/27/2006 | 1.30 | 474.50 | Attend hearing re Irwin Bank motion | 12709747 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/29/2006 | 1.80 | 378.00 | Prepare Notice of Filing and Certificate of Service for Objection to Application of Wells Fargo (.50); conduct efiling of Objection to Application of Wells Fargo (.50); conduct distribution of Objection to all parties (.50); several conferences with M. Cohn re filing Objection (.30) | 12721742 |
| Cohn, Mindy D. | Associate | 355.00 | 4/3/2006 | 0.30 | 109.50 | Review new pleadings | 12735118 |
| Stepan, Paige D. | Paralegal | 210.00 | 4/3/2006 | 0.50 | 105.00 | Several conferences with M. Cohn regarding preparation of binders for hearings | 12733539 |

05-34885:1050.1:Application for Compensation:Exhibit A Entered: 7/25/2006 4:44:56 PM by:Mindy Cohn Page 7 of 22

Winston & Strawn LLP                                                                                                                Page: 12

| Task: | B160 | Fee/Employment Applications | | | | | |
|---|---|---|---|---|---|---|---|
| Stepan, Paige D. | Paralegal | 210.00 | 2/22/2006 | 1.20 | 252.00 | Prepare (2) Notices of Filing and Certificates of Service for W&S and Huron's fifth monthly fee applications (.8); prepare cover sheet for W&S' fee application (.4) | 12627354 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/8/2006 | 0.20 | 42.00 | Conference with M. Cohn re preparation of Second Interim Fee Application | 12669252 |
| Cohn, Mindy D. | Associate | 365.00 | 3/10/2006 | 0.50 | 182.50 | Review and revise time records | 12655250 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/12/2006 | 0.80 | 168.00 | Begin preparation of Second Interim Fee Application for W&S | 12664037 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/13/2006 | 3.00 | 630.00 | Continue preparation of Second Interim Fee Application | 12669380 |
| Cohn, Mindy D. | Associate | 365.00 | 3/14/2006 | 1.00 | 365.00 | Review time records and revise same (.40); prepare fee statement (.60) | 12704706 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/14/2006 | 1.00 | 210.00 | Continue preparation of Second Interim Fee Application | 12685795 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/15/2006 | 2.00 | 420.00 | Conference with M. Cohn regarding status of Second Interim Fee Application (.40); continue preparation of Second Interim Fee Application (1.60) | 12685811 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/16/2006 | 2.50 | 525.00 | Continue preparation of Second Interim Fee Application (1.0); prepare drafts of certificates of no objection for W&S and Huron Consulting(1.0); several conferences with M. Cohn regarding same (.50) | 12688830 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/19/2006 | 3.00 | 630.00 | Continue preparation of Second Interim Fee Application | 12688842 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/21/2006 | 1.00 | 210.00 | Continue preparation of Second Interim Fee Application (1.0) | 12718778 |
| Cohn, Mindy D. | Associate | 365.00 | 3/22/2006 | 2.00 | 730.00 | Prepare second interim fee application | 12709213 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/22/2006 | 1.00 | 210.00 | Continue preparation of Fee Application (1.0) | 12720438 |
| Cohn, Mindy D. | Associate | 365.00 | 3/23/2006 | 1.00 | 365.00 | Revise fee application and billing reports | 12709515 |
| Cohn, Mindy D. | Associate | 365.00 | 3/23/2006 | 1.50 | 547.50 | Supervise filing of fee statements and Huron application | 12709530 |
| Stepan, Paige D. | Paralegal | 210.00 | 3/23/2006 | 5.40 | 1,134.00 | Prepare Notices of Filing and Certificates of Service regarding Sixth Monthly Fee Applications for W&S and Huron Consulting (.80); conduct efiling of Sixth Monthly Fee Applications for W&S and Huron with Bankruptcy Court (1.0); conduct service of Sixth Monthly Fee Applications (.5); | 12720785 |
| Cohn, Mindy D. | Associate | 365.00 | 3/24/2006 | 2.80 | 1,022.00 | Revise fee application (1.0); check all calculations (1.0); prepare notices and file (.80) | 12709692 |
| McGuire, Daniel J. | Partner | 425.00 | 3/24/2006 | 0.30 | 127.50 | Review and comment on W&S fee application | 12889025 |
| Cohn, Mindy D. | Associate | 365.00 | 4/7/2006 | 0.50 | 182.50 | Prepare prebill for fee statement | 12735273 |
| Stepan, Paige D. | Paralegal | 210.00 | 4/13/2006 | 1.00 | 210.00 | Prepare Certificate of No Objection for 6th Monthly Statements for W&S and Huron (.70); conference with M. Cohn regarding Certificates of No Objections (.30) | 12760921 |
| Cohn, Mindy D. | Associate | 365.00 | 4/17/2006 | 0.70 | 255.50 | Prepare prebills for fee statement (.50); revise CNOs (.20) | 12757926 |

05-34885:1050.1:Application for Compensation:Exhibit A Entered: 7/25/2006 4:44:56 PM by:Mindy Cohn Page 20 of 22

Winston & Strawn LLP

Page: 25

Professional Fees Statement

| Atty | Class | Rate | Date | Hours | Amount | Description of Services Rendered | Time ID |
|---|---|---|---|---|---|---|---|
| Botica, Matthew J. | Partner | 620.00 | 6/14/2006 | 7.40 | 4,588.00 | Attend court hearing (5.50); preparation for hearing (1.00); preparation for continued hearing on 6/15 (.90) | 12939174 |
| Cohn, Mindy D. | Associate | 365.00 | 6/14/2006 | 5.50 | 2,007.50 | Attend DIP trial | 12990862 |
| Cohn, Mindy D. | Associate | 365.00 | 6/14/2006 | 2.50 | 912.50 | Prepare for trial including preparing materials (2.0); review research and conference with M. Botica re same (.50) | 12927212 |
| Leatherbury, David M. | Paralegal | 140.00 | 6/14/2006 | 2.50 | 350.00 | Assist M. Cohn with preparation of materials for trial use (.50); preparation of case law binder for trial reference per M. Cohn's instructions (2.0) | 12942175 |
| Botica, Matthew J. | Partner | 620.00 | 6/15/2006 | 6.60 | 4,092.00 | Preparation for and attendance at court hearing re Arlington LF claim | 12939151 |
| Cohn, Mindy D. | Associate | 365.00 | 6/15/2006 | 7.50 | 2,737.50 | Prepare for and attend DIP trial | 12927222 |
| Botica, Matthew J. | Partner | 620.00 | 6/16/2005 | 1.20 | 744.00 | Review issues related to KC McDaniel deposition (.70); analyze potential additional witnesses (.50) | 12939210 |
| Botica, Matthew J. | Partner | 620.00 | 6/19/2006 | 0.80 | 496.00 | Review issues related to Arlington LF hearing | 12944755 |
| Cohn, Mindy D. | Associate | 365.00 | 6/20/2006 | 0.50 | 182.50 | Prepare for trial re DIP | 12938873 |
| Botica, Matthew J. | Partner | 620.00 | 6/21/2006 | 5.80 | 3,596.00 | Attend court hearing re DIP financing | 12947235 |
| Cohn, Mindy D. | Associate | 365.00 | 6/21/2006 | 0.50 | 182.50 | Correspondence to M. Botica re trial | 12938882 |
| Cohn, Mindy D. | Associate | 365.00 | 6/21/2006 | 8.50 | 3,102.50 | Attend DIP trial | 12938877 |
| Cohn, Mindy D. | Associate | 365.00 | 6/22/2006 | 0.50 | 182.50 | Telephone conference with court deputy re briefing and review order; correspondence to M. Botica re same | 12951049 |
| Cohn, Mindy D. | Associate | 365.00 | 6/22/2006 | 0.50 | 182.50 | Telephone conference with T. Korf re DIP trial status | 12951046 |
| Botica, Matthew J. | Partner | 620.00 | 6/23/2006 | 0.40 | 248.00 | Analyze effect of Court's decision regarding briefing | 12947269 |
| Task Total: | | | | 240.50 | 109,023.00 | | |