UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    ) Chapter 11
                                          )
ARLINGTON HOSPITALITY, et al.,            ) No. 05 B 34885 (jointly administered)
                                          )
                        Debtors.          ) Judge Goldgar

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING HURON CONSULTING LLC
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| Total fees requested: | $ 69,275.50 | Total costs requested: | $ 1,245.24 |
| Total fees reduced: | $  5,520.00 | Total costs reduced: | $ 1,245.24 |
| Total fees allowed: | $ 63,655.50 | Total costs allowed: | $     0.00 |

**TOTAL FEES AND COSTS ALLOWED: $63,655.50**

THE COURT HAS UNDERLINED THE ATTACHED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART. THE NUMBER THAT APPEARS TO THE RIGHT OF EACH HIGHLIGHTED ENTRY DISCLOSES THE BASIS FOR EACH DISALLOWANCE. THE NUMBERS REFER TO THE PARAGRAPHS BELOW.

(1)   **Improper Allocation of Professional Resources**
       The court denies the allowance in part of compensation for tasks where a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

(2)   **Unreasonable Time**
       The court denies the allowance in part of compensation for tasks where the professional or paraprofessional expended an unreasonable amount of time on the task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The court will determine what is the reasonable amount of time an attorney should have to spend on a given project. . . . An attorney should not be

rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate.")). *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

(3) **Reimbursement Limited to Actual, Necessary Expenses**

The court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B), 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles.

(4) **Insufficient Description**

The court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D.Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

(5) **Duplication of Services**

The court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(i). Also, when more than one attorney appears in court on a motion or argument or for a conference, no fee should be sought for non-participating counsel. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary.").

(6) **Meal Expenses**

The court denies the allowance of reimbursement for meal expenses. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

(7) **Lumping**

The court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

**(8)    Trustee Work Can Not Be Compensated As Professional Services**

"The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation." *Boldt v. United States Trustee (In re Jenkins)*, 130 F.3d 1335, 1341 (9th Cir. 1997).

**(9)    Proper Time Increments for Billing**

The court may impose a ten percent penalty for using improper time increments for billing. "Professional persons . . . cannot, in all honesty and reasonableness, charge their clients for increments in excess of one-tenth of an hour." *In re Wildman*, 72 B.R. 700, 726 (Bankr. N.D. Ill. 1987). This penalty will be imposed where time increments larger than one-tenth of an hour are used. For example, applicants who bill time using quarter-hour increments risk the ten percent penalty.

**(10)    Fees Requested Are A Statutory Cap And Not Supported By Work Performed**

The court denies the allowance of compensation in the amount provided for in section 326 of the Bankruptcy Code when the fees requested are not supported by supporting documentation of the services performed or when such compensation appears unreasonably excessive. "The Court may award a trustee less than the statutory fee pursuant to section 326(a). Section 326(a) sets a ceiling on a trustee's fees, and does not create an entitlement to a commission in that amount." *In re Stoecker*, 118 B.R. 596, 601 (Bankr. N.D. Ill. 1990). "The maximum statutory fee is indeed a ceiling, not a floor; reductions below it may be considered." *In re Wire Cloth Products, Inc.*, 130 B.R. 798 (Bankr. N.D. Ill. 1991).

**(11)    Overhead Costs are Non-Compensable**

The court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

**(12)    Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are considered overhead of the professional and are built into the professional's hourly billing rates. *In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to

reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

**(13)  No Benefit to the Estate**

The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A). An attorney's internal work to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

**(14)  Computational or Typographical Error**

The court denies the allowance of compensation for the following tasks because the amount of fees appears to be a computational or typographical error. Where there are two identical entries (same day, same tasks, same time billed), the court will consider one of the entries to be a typographical error.

**(15)  Work Performed before Employment Authorized**

The court denies compensation for work an attorney performed before the court authorized the attorney's retention. *In re Del Monico*, No. 04 B 38235, 2006 WL 345013, at *2 (Bankr. N.D. Ill. Feb. 15, 2006); *In re Jeanes*, No. 01-760, 2004 WL 1718093, at *2 (Bankr. N.D. Iowa June 17, 2004).

Dated: August 28, 2006

_____
A. Benjamin Goldgar
United States Bankruptcy Judge

Huron Consulting Group

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 6/1/2006 | Thomas A. Korf | Review the KC McDaniel deposition | 2.5 |
| 6/1/2006 | Thomas A. Korf | Review the 10-12-05 court hearing transcript | 0.8 |
| 6/1/2006 | Thomas A. Korf | Review the 9-28-05 court hearing transcript | 0.7 |
| 6/1/2006 | Thomas A. Korf | Summary of notes on the various depositions and court transcripts reviewed in preparation for the DIP lender trial | 0.5 |
| 6/1/2006 | Thomas A. Korf | Meeting with MD regarding preparation for DIP lender trial and a review of the notes on the depositions/transcripts | 0.5 |
| 6/2/2006 | Thomas A. Korf | Call with committee counsel re: additional deposition transcripts and agenda for trial | 0.5 |
| 6/5/2006 | Thomas A. Korf | Reviewing the discovery document exhibits for the DIP trial | 1.5 |
| 6/5/2006 | Thomas A. Korf | Reviewing the KC McDaniel Deposition | 1.5 |
| 6/7/2006 | Thomas A. Korf | Reviewing the debtors/committee discovery and DIP trial exhibits | 4.0 |
| 6/8/2006 | Thomas A. Korf | Review the Debtor/Committee's joint trial exhibits; including the detailed legal bills of DIP lender counsel | 3.0 |
| 6/12/2006 | Thomas A. Korf | Review the trial brief of Committee counsel for DIP lender trial | 1.2 |
| 6/12/2006 | Thomas A. Korf | Review the trial brief of LF in preparation for DIP lender trial | 1.3 |
| 6/12/2006 | Thomas A. Korf | Review the debtor's trial brief in preparation for the DIP lender trial | 1.5 |
| 6/13/2006 | Thomas A. Korf | Meeting with Committee counsel re: preparation for DIP trial on Wednesday | 2.0 |
| 6/14/2006 | Thomas A. Korf | Preparing for DIP trial; meetings with counsel, review of notes and depositions etc | 4.0 |
| 6/14/2006 | Thomas A. Korf | Attendance at DIP trial | 4.0 — 2, 13 |
| 6/15/2006 | Thomas A. Korf | Attendance at DIP trial; includes meetings with counsel prior and during breaks | 4.0 — 2, 13 |
| 6/15/2006 | Thomas A. Korf | Attendance at DIP trial; includes meetings with counsel prior and during breaks | 4.0 — 2, 13 |
| 6/19/2006 | Thomas A. Korf | Review the weekly cash balance roll forward from debtor | 0.3 |
| 6/19/2006 | Thomas A. Korf | Review the Morgner deposition | 2.5 |
| 6/19/2006 | Thomas A. Korf | Review the docket for new filings, particularly MORs | 0.2 |
| 6/20/2006 | Thomas A. Korf | Review the Dale deposition for the DIP lender trial | 2.0 |
| 6/20/2006 | Thomas A. Korf | Review the debtors Orix trial motion | 1.2 |
| 6/20/2006 | Thomas A. Korf | Review the committee's Orix trial motion | 0.8 |
| 6/21/2006 | Thomas A. Korf | Review of the Orix exhibits for trial | 1.9 |
| 6/21/2006 | Thomas A. Korf | Review of the Debtor/Committee joint exhibits for the ORIX trial | 1.1 |
| 6/22/2006 | Thomas A. Korf | Review the debtor's monthly operating reports for May 2006 | 0.8 |
| 6/22/2006 | Thomas A. Korf | Reconcile the debtor's MOR cash balances to the weekly cash balance roll-forward; comments on same to debtors | 0.8 |
| 6/22/2006 | Thomas A. Korf | Update call with committee counsel on DIP trial | 0.6 |
| 6/22/2006 | Thomas A. Korf | Update the MD on the status of the DIP lender trial | 0.4 |
| 6/22/2006 | Thomas A. Korf | Review of the Orix trial exhibits binders | 1.4 |
| 6/23/2006 | Thomas A. Korf | Review the monthly fee application for May 2006 | 0.2 |
| 6/28/2006 | Thomas A. Korf | Call with Jim Dale - update on cash position, PMC claim, and DIP and Orix matters | 0.5 |
| 6/28/2006 | Thomas A. Korf | Reconciliation of cash position at AHI vis a vis the previously projected cash available for unsecured creditors | 1.5 |

Arlington Hospitality, Inc.
Expenses by Category/Professional - Exhibit B
June 1, 2006 - June 30, 2006

| Type | Date | Professional | Description | Amount |
|---|---|---|---|---|
| Airfare | 6/13/2006 | Thomas A. Korf | Roundtrip airfare from LaGuardia to Chicago for DIP trial. | |
| Total Airfare | | | | $ 457.10 |
| Ground Transportation | 6/13/2006 | Thomas A. Korf | Car service from Long Island to LaGuardia Airport | 85.00 |
| Ground Transportation | 6/13/2006 | Thomas A. Korf | Cab fare from O'Hare Airport to 35 West Wacker, Chicago | 50.00 |
| Ground Transportation | 6/15/2006 | Thomas A. Korf | Car service from LaGuardia Airport to Home | 85.00 |
| Ground Transportation | 6/15/2006 | Thomas A. Korf | Taxi from Court house to Midway Airport | 35.00 |
| Total Group Transportation | | | | $ 255.00 |
| Hotel/Lodging | 6/15/2006 | Thomas A. Korf | Overnight lodging in Chicago for DIP trial attendance. | 413.14 |
| Total Hotel/Lodging | | | | $ 413.14 |
| Travel Meal | 6/13/2006 | Thomas A. Korf | Dinner, tax and tip for meal in hotel. | 70.00 |
| Travel Meal | 6/14/2006 | Thomas A. Korf | Out of town meal in Chicago while at DIP trial. | 50.00 |
| Total Travel Meals | | | | $ 120.00 |
| | | | Grand Total | $ 1,245.24 |