**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Arlington Hospitality, Inc., et al, | ) | Case No.  05 B 34885 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. A. Benjamin Goldgar |

**NOTICE OF MOTION**

TO:  SEE ATTACHED SERVICE LIST

      PLEASE TAKE NOTICE that on Monday, August 29, 2011, at 10:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar in Courtroom 613, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **Final Application Of Jenner & Block LLP For Allowance Of Compensation And Reimbursement of Expenses As Counsel To Arlington Hospitality Inc.,** at which time and place you may appear if you so desire.

                                      **ARLINGTON HOSPITALITY, INC**

                                      By:_____/s/Catherine Steege_____
                                                 One of Its Attorneys

Catherine L. Steege (6183529)
Christine L. Childers (6277245)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
Phone: (312) 222 -9350
Fax: (312) 527- 0484
csteege@jenner.com
cchilders@jenner.com

## CERTIFICATE OF SERVICE

I, Catherine Steege, hereby certify that I served a copy of the foregoing **Final Application Of Jenner & Block LLP For Allowance Of Compensation And Reimbursement of Expenses As Counsel To Arlington Hospitality Inc.** on the individuals listed on the attached service list by the Court's ECF email notification and by depositing same in the United States Mail properly addressed and postage prepaid, on August 5, 2011. Due to their bulk, the exhibits to the Application have not been served by U.S. Mail except on the Committee's counsel and the U.S. Trustee.

                                                */s/ Catherine Steege*

**SERVICE LIST**
**In re Arlington Hospitality, Inc.**
**Case No. 05-34885**

Stephen G. Wolfe
United States Trustee
227 W. Monroe St., Suite 3350
Chicago, IL  60606

Paula J. Morency
Jon C. Vigano
Schiff Hardin LLP
233 S. Wacker Drive, Ste. 6600
Chicago, IL  60606

Daniel M. Eliades
Gail B. Cooperman
Forman Holt Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07652

Toby L. Gerber
Mark A. Platt
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784

Thomas C. Wolford
James A. Snyder
Neal Gerber & Eisenberg LLP
Two N. LaSalle St., Suite 1700
Chicago, IL  60602

Patrick M. Jones
Timothy S. McFadden
Locke Lord Bissell & Liddell LLP
111 S. Wacker Drive
Chicago, IL  60603

Melanie Rovner Cohen
Christopher Combest
Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654

Matthew J. Botica
Mindy Cohn
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL  60601-9703

Sheryl C. Allenson
The Law Offices of Stuart P. Krauskopf, P.C.
414 North Orleans Street, Suite 210
Chicago, IL 60654

Jonathan E. Aberman
John D. Lien
Foley & Lardner LLP
321 N. Clark St., Ste. 2800
Chicago, IL  60610

Bruce L. Wald
Tishler & Wald, Ltd.
200 S. Wacker Dr., Ste. 3000
Chicago, IL  60606-5815

Steven B. Flancher
Ass't Attorney General
Revenue Division
G. Mennen Williams Building, 2nd Floor
P.O. Box 30754
Lansing, MI  48909

John T. Gregg
Barnes & Thornburg LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694

Thomas R. Fawkes
Freeborn & Peters LLP
Suite 3000
311 South Wacker Drive
Chicago, IL  60606

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARLINGTON HOSPITALITY, INC., et al., | ) | Case No. 05 B 34885 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable A. Benjamin Goldgar |

**FINAL APPLICATION OF JENNER & BLOCK LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO ARLINGTON HOSPITALITY, INC.**

Pursuant to 11 U.S.C. §§ 327, 330 and 331, the Orders Authorizing the Employment and Retention of Jenner & Block LLP as Attorneys for the Debtors (the "Retention Orders"), and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Interim Compensation Order"), Jenner & Block LLP (the "Firm"), counsel to Arlington Hospitality, Inc., et al. (the "Debtors"), respectfully submits its final application (the "Final Fee Application") for (a) allowance of compensation incurred since the Court last approved compensation in the amount of $538,037.00 for the actual, reasonable, and necessary legal services the Firm rendered to the Debtor from March 1, 2008 through the present (the "Current Fee Period"), (b) reimbursement of the actual, reasonable and necessary expenses that the Firm incurred since the Court last approved compensation in the amount of $24,594.83; and (c) final approval of the Court's prior interim fee awards covering the time period from June 28, 2005 through February 28, 2008. In total, the Firm seeks final approval for $2,345,419.55 in fees and $132,447.34 in expenses. In addition the Firm seeks leave to apply a $35,150.26 retainer it is holding to the fees and expenses allowed by the Court. In further support of this Final Fee Application, the Firm respectfully states as follows:

**BACKGROUND**

1.  On June 22, 2005 (the "Initial Petition Date"), Arlington Inns, Inc., a wholly owned subsidiary of Arlington Hospitality, Inc., commenced its chapter 11 case. On August 31, 2005 (the "Second Petition Date"), Arlington Hospitality, Inc., the parent corporation of Arlington Inns, Inc. and 20 of its other subsidiaries filed their own voluntary Chapter 11 petitions. On October 28, 2005 (the "Third Petition Date"), AP Hotels of Missouri, Inc., API/Hammond, In, Inc., Athens Motel Associates Limited Partnership, and Batesville MS 395 Limited Partnership filed their voluntary chapter 11 petitions. Each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors' cases are being jointly administered by the Court.

2.  The Court has jurisdiction over this Final Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

3.  On September 7, 2005, this Court entered the Interim Compensation Order.

4.  Pursuant to the Retention Order and the Interim Compensation Order, the Firm respectfully submits its final fee application for compensation for professional services rendered and reimbursement of disbursements. In addition, it seeks approval of fees and expenses incurred since the Court last awarded interim fees.

**RETENTION OF JENNER & BLOCK LLP**

5.  On June 29, 2005, the Court entered an order authorizing the retention of Jenner & Block in the Arlington Inns, Inc. chapter 11 case. On September 2, 2005, the Court

2

entered the Retention Order, which authorized the Debtors who filed petitions on the Second Petition Date to also employ the Firm as their attorneys. On November 7, 2005, the Court entered an Order in the cases filed on the Third Petition Date allowing those Debtors to retain the Firm. The Retention Orders authorize the Debtors to compensate the Firm at the Firm's hourly rates charged for services of the type identified in the Firm's Retention Application and approved in the Retention Order and to reimburse the Firm for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable local rules, and the Interim Compensation Order.

6. The Firm performed the services for which it seeks compensation on behalf of the Debtors and not on behalf of any other person.

7. Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than with the Firm's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

8. On November 7, 2005, Jenner & Block filed the Supplemental Affidavit in Support of Application of Arlington Hospitality, Inc. for an Order Authorizing the Retention of Jenner & Block LLP as Attorneys for the Debtor Pursuant to 11 U.S.C. §§ 1103(A) and 1114(B)(2) [EOD 267].

**JENNER & BLOCK'S INTERIM FEE APPLICATIONS
INCLUDED WITHIN THE FINAL FEE APPLICATION**

9. On December 2, 2005, Jenner & Block filed its First Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period June 23,

2005 through October 31, 2005. (Bankr. Dkt. 438.) On December 21, 2005, the Court allowed $405,482.50 of fees and $28,158.65 of expenses. (Bankr. Dkt. 513.)

10. On March 23, 2006, Jenner & Block filed its Second Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period November 1, 2005 through February 28, 2006. (Bankr. Dkt. 687.) On May 4, 2006 the Court allowed $562,386.50 of fees and $33,084.68 of expenses. (Bankr. Dkt. 846.)

11. On July 24, 2006, Jenner & Block filed its Third Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period March 1, 2006 through June 30, 2006. (Bankr. Dkt. 1048.) On August 28, 2006, the Court allowed $371,506.55 of fees and $16,867.42 of expenses. (Bankr. Dkt. 1126.)

12. On November 17, 2006, Jenner & Block filed its Fourth Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period July 1, 2006 through October 31, 2006. (Bankr. Dkt. 1262) On December 13, 2006, the Court allowed $189,261.50 of fees and $9,242.88 of expenses. (Bankr. Dkt. 1288.)

13. On March 30, 2007, Jenner & Block filed its Fifth Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period November 1, 2006 through February 28, 2007. (Bankr. Dkt. 1379.) On April 30, 2007, the Court allowed $39,258.00 of fees and $1,115.54 of expenses. (Bankr. Dkt. 1450.)

14. On November 20, 2007, Jenner & Block filed its Sixth Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period March 1, 2007 through October 31, 2007. (Bankr. Dkt. 1856) On December 19, 2007, the Court allowed $158,947.50 of fees and $17,809.73 of expenses. (Bankr. Dkt. 1882.)

15. On April 2, 2008, Jenner & Block filed its Seventh Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period November 1, 2007 through February 29, 2008. (Bankr. Dkt. 2013) On April 21, 2008, the Court allowed $80,540.00 of fees and $1,573.61 of expenses. (Bankr. Dkt. 2060.)

16. On November 24, 2009, Jenner & Block filed its Eighth Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses covering the period March 1, 2008 through October 31, 2009. (Bankr. Dkt. 2732) The Court deferred consideration of the fees and expenses set forth in the Eighth Quarterly Fee Application. (Bankr. Dkt. 2748.) For the Court's convenience, the Firm has included the compensation and expenses sought in the Eighth Quarterly Fee Application as part of its request for current compensation in this Final Fee Application. Thus, there is no further need to consider the Eighth Quarterly Fee Application as the fees and expenses sought therein are part of this Final Application.

### REASONABLE AND NECESSARY SERVICES RENDERED BY JENNER & BLOCK - GENERALLY

17. During this case, the Firm incurred total fees in these cases in the total amount of $2,345,419.55 and expenses in the total amount of $132,447.34. The Court has previously allowed $1,807,382.55 in fees on an interim basis and $107,852.51 of expenses. Of the total amount of fees and expenses incurred, $538,037.00 of the fees and $24,594.83 of the expenses are for fees and expenses that the Court has not yet considered or approved on an interim basis and cover the time period of March 1, 2008 through the present.

18. The Firm's fees and costs were incurred as counsel to the Debtors. The Firm's fees were derived from the applicable hourly billing rates of the Firm's personnel who rendered such services. Based on the rates and the services performed, the reasonable value of such services is $2,345,419.55. The Firm's average hourly rate is $346.86  The Firm's attorneys and

5

paraprofessionals expended a total of 6,761.80 hours working on these cases. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

19.   Filed concurrently with this Final Fee Application is the Summary of Application of Jenner & Block LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses (the "Summary"). The Summary shows the hours and fees incurred by each timekeeper over the course of this case.

## REASONABLE AND NECESSARY SERVICES RENDERED BY JENNER & BLOCK - CATEGORIZED BY MATTER

20.   The primary professional services that the Firm rendered during the Current Fee Period are described in Paragraphs 21 through 28 below. Attached hereto as Group Exhibit A is an itemization by category of services of the time spent by each professional. Services provided in other time periods are described in the fee applications.

21.   **Matter 45249-10000  Case Administration.**
      **(Current Fees:  $61,510.50; Hours:  205.70)**
      **(Total Fees For Case: $212,030.00; Hours: 899.10)**

The Firm's work for the Debtor in this category during the Current Fee Period consisted of answering general questions of the Debtors, maintaining a court file, and performing other miscellaneous tasks required to properly represent a debtor in a chapter 11 case, including filing U.S. Trustee reports and attending status hearings. The Firm also assisted in the Debtors in obtaining certain unclaimed property and handling an insurance settlement issue. Over the course of this case, the Firm performed the same tasks and also handled a variety of miscellaneous matters that arose in connection with the cases, including attending the creditors'

meetings conducted under 11 U.S.C. §341, meetings with the client to formulate a strategy for exit from financial restructuring proceedings, providing insolvency advice with respect to certain SEC reporting issues, advising the client with respect to certain state court litigation, advising the client on its rights in connection with the renewal of insurance policies, answering questions of the Debtors board of directors and its creditors committee, and working with parties that took actions in violation of the automatic stay to stop such actions.

22. **Matter 45249-10026  Fees.**
 **(Fees:  $13,603.00; Hours:  45.10)**
 **(Total Fees For Case: $76,355.00; Hours: 235.70)**

The Firm worked on the preparation of its monthly, quarterly and final applications and those of other professionals retained by the Debtors.  The total of all compensation sought under this category of fees during the case is 3.26 % of the total fees sought.

23. **Matter 45249-10050  Claims**
 **(Fees:  $68,204.50, Hours:  149.00)**
 **(Total Fees For Case: $192,397.00; Hours: 638.00)**

The Firm reviewed, prepared and prosecuted objections to claims and worked with creditors to resolve their claims.  In particular, during the Current Fee Period, the Firm spent substantial time working to adjust the claims of various state taxing authorities which, completion of the Section 363 sale, filed estimated claims for amounts that exceeded what the Debtors believed was due.  This required providing these taxing authorities with substantial documentation.  Over the course of the case, the Firm spent time advising the Debtors with respect to handling pre-petition claims during their bankruptcy cases, prepared a motion to set a claims bar date, analyzed the claims that were filed and filed objections to those claims.

24. **Matter 45249-10069  Plan**
    **(Fees:  $301.50, Hours:  0.60)**
    **(Total Fees For Case: $59,209.00; Hours: 157.20)**

During the Current Fee Period, the Firm attended status hearings on the Plan.  Over the course of the case, the Firm, prepared and prosecuted motions to extend exclusivity, it prepared and filed a plan and disclosure statement and met with the Committee about the terms of such plan.  Debtors and the Committee believed that confirmation of a plan would be possible here as they did not anticipate that the LF litigation would involve two appeals to the District Court and an appeal to the Seventh Circuit, or that the pre-petition taxes would be as significant as they ultimately turned out to be.

25. **Matter 45249-10077  Secured Creditors**
    **(Fees:  $6,815.00, Hours:  14.50)**
    **(Total Fees For Case: $191,094.00; Hours: 484.10)**

During the Current Fee Period, the Firm spent time on the Arlington LF secured claim and responding to that claim.  Over the course of the case, the Firm spend time handling issues that arose with respect to the claims of the Debtors' mortgage lenders.  It negotiated a settlement with LaSalle Bank with respect to its lien on the Debtors' building located in Arlington Heights, Illinois.  It resolved consensually the Section 506(b) claims of all of these mortgage lenders, except Wells Fargo.  In August, 2006, the Firm prosecuted a contested hearing on Wells Fargo's application for allowance and payment of its Section 506(b) claim.  The Firm prepared for these hearings by responding to discovery that was served in connection with the hearing and obtaining discovery from the Debtors, meeting with the Debtors' witnesses, preparing examination outlines, attending the hearing and conducting the examinations of the Debtors' witnesses and preparing for various legal arguments that the Debtors anticipated would arise during these hearings.  After the trial concluded, Jenner & Block worked with the Committee to

prepare a joint post-trial brief. In addition, Jenner & Block also reviewed, appeared and responded to two motions filed by Wells Fargo asking that the Court reconsider certain rulings it made during the course of the hearing. Ultimately the Court ruled substantially in favor of the Debtors and the parties thereafter compromised the claim.

26.  **Matter 45249-10093  Avoidance Actions**
   **(Fees: $10,797.00, Hours: 25.50)**
   **(Total Fees For Case: $52,213.00; Hours: 128.80)**

During the Current Fee Period and over the course of this case, the Firm analyzed possible avoidance actions that the Debtors might bring, and filed, prosecuted and ultimately settled those claims.

27.  **Matter 45249-10106  Communications with Creditors**
   **(Fees: $360.00, Hours: 0.80)**
   **(Total Fees For Case: $7,821.00; Hours: 22.60)**

During the Current Fee Period and over the course of the case, the Firm handled inquiries from many creditors about the status of the case and matters occurring in the bankruptcy case.

28.  **Matter 45249-10158  DIP Financing**
   **(Fees: $376,445.50, Hours: 689.70)**
   **(Total Fees For Case: $696,838.00; Hours: 1,540.80)**

During the Current Fee Period and over the course of this case, the time spent under this category relates to the debtor in possession loan obtained from Arlington LF and the litigation that followed when Arlington LF breached its loan agreement with the Debtors. The Firm initially prepared the DIP loan documents and order and presented the DIP loan to the Court for approval. Although the Debtors repaid Arlington LF with interest, Arlington LF filed an application for the allowance of certain fees and other expenses. The Firm performed substantial work in connection with defending that application for additional fees and expenses, including responding to and taking discovery, preparing pre-trial and post-trial briefs, defending and taking

9

depositions, and preparing for the examination of five witnesses and examining those witnesses. Initially, the Bankruptcy Court ruled for the Debtors. The District Court remanded on a narrow issue. The Bankruptcy Court ruled for Arlington LF on remand. The District Court again reversed, this time ruling that the Bankruptcy Court's initial denial of Arlington LF's claim was correct. Arlington LF appealed to the Seventh Circuit. The Firm attended a Seventh Circuit mediation, wrote the Debtor's appeal brief and argued the appeal. The Seventh Circuit affirmed the District Court's order and the Bankruptcy Court's initial denial of the Arlington LF claim.

29. Because of the benefits realized by the Debtor, the nature of these cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, and the skill required, the Firm requests that it be allowed compensation for professional services rendered during the Fee Period in the sum of $538,037.00.

## ATTORNEYS INVOLVED

30. The day-to-day supervision of the case during the Current Fee Period was handled by Catherine Steege. She is a 1982 graduate of DePaul University College of Law, a fellow of the American College of Bankruptcy and an adjunct professor at John Marshall Law School. Ms. Steege was assisted by the following associates and paraprofessionals:

Christine L. Childers is a 2002 graduate of Valparaiso University Law School and a partner in the Bankruptcy/Commercial Law Practice Group. Ms. Childers was the other primary attorney working on this matter. Bankruptcy associates Angela M. Allen (*nee* Tyler), David H. Hixson, Michael J. Kelly, Mark Lightner and Landon S. Raiford assisted with research issues and other miscellaneous matters primarily in connection with the Arlington LF Seventh Circuit appeal.

In addition to bankruptcy attorneys, Barry Levenstam assisted with the Seventh Circuit appeal. He is the co-chair of the Firm's appellate practice, a 1978 graduate of the University of Illinois Law School and former law clerk to the Honorable Phillip W. Tone. Gail H. Morse, who is a partner in the firm's tax group specializing in state taxation issues, helped resolve the state tax claims filed against the estate.

Michael H. Matlock, Toi D. Hooker, Mary Frances Patston and Marc Patterson are paraprofessionals in the Bankruptcy/Commercial Law Department.

**ACTUAL AND NECESSARY EXPENSES**

31.     The Firm has disbursed, and requests reimbursement of, certain actual and necessary expenses it incurred in rendering professional services in these cases as itemized on Exhibit B hereto. The following is a summary of those actual and necessary expenses:

**DISBURSEMENT SUMMARY**

| | |
|---|---:|
| Court Reporter Charges | 424.00 |
| Filing Fees | 85.00 |
| In-City Transportation | 152.00 |
| Lexis Research | 967.96 |
| Pacer Charges | 636.80 |
| Photocopy Expense | 2,916.84 |
| Postage Expense | 178.82 |
| Special Messenger Service | 68.10 |
| UPS | 81.27 |
| Westlaw Research | 19,084.04 |
| **TOTAL DISBURSEMENTS** | **24,594.83** |

32.     It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of

such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

33. The Firm does not charge a per page charge for outgoing facsimile transmissions. It does bill for the actual cost of the long distance call if the telecopy is sent to an international long distance location. The Firm does not charge for incoming facsimile transmissions.

34. Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques. The Firm charges its actual costs for these research tools.

35. During the Current Fee Period, the Firm's standard charge for photocopies has ranged from $.08 per page to $.10 per page. The number of photocopies is recorded automatically when the person making the copies enters the appropriate account number into devices attached to the Firm's copy machines.

## **CONCLUSION**

36. This Final Fee Application covers the period from the start of the cases through the present. Fees not previously approved cover the time period between March 1, 2008 through July 31, 2011.

WHEREFORE, the Firm respectfully requests that the Court (a) grant the Firm an allowance of compensation for reasonable and necessary professional services rendered as counsel to the Debtor in the sum of $538,037.00 for the period between March 1, 2008 and the present, (b) permit reimbursement of the Firm's actual and necessary expenses incurred in the sum of $24,594.83, (c) affirm the Court's prior interim orders and allow final fees of $2,345,419.55 and expenses of $132,447.34, (d) order that such fees and expenses be payable as administrative expenses of the Debtors' bankruptcy estates, and (e) authorize the Debtors to pay

the amounts allowed herein less payments previously made and authorize the Firm to apply its $35,150.26 retainer.

Dated: Chicago, Illinois
August 5, 2011

          Respectfully submitted,

          ARLINGTON HOSPITALITY, INC.

    By:      */s/ Catherine Steege*
             One of its attorneys

Catherine L. Steege (6183529)
Christine L. Childers (6277245)
JENNER & BLOCK LLP
353 North Clark St.
Chicago, IL 60654
Telephone: 312-222-9350
Facsimile: 312-527-8760

13