## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| **Arlington Hospitality, Inc., et al.,** | ) | **Case No. 05 B 34885** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | **Honorable A. Benjamin Goldgar** |
| | ) | **Hearing Date: August 29, 2011** |
| | ) | **Hearing Time:  10:00 a.m.** |

### NOTICE OF MOTION

To:     Parties listed on attached service list

PLEASE TAKE NOTICE that on the 29th day of August, 2011, at 10:00 a.m., The Official Committee of Unsecured Creditors of Arlington Hospitality, Inc., et al, shall appear before the Honorable A. Benjamin Goldgar in the room usually occupied by him at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division at 219 S. Dearborn St., Chicago, Illinois, 60604, or before any other judge who may be sitting in his place and stead, and present the attached **Final Application of Winston & Strawn LLP, Counsel to the Official Committee of Unsecured Creditors of Arlington Hospitality, Inc., et al., for (I) Final Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. §§ 330 and 331 for the Period from October 1, 2007 through July 31, 2011 and (II) Final Approval of the Interim Fee Applications**, a copy of which is attached hereto and hereby served upon you.

Dated: August 8, 2011

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF ARLINGTON
HOSPITALITY, INC., ET AL.

By:  _____/s/ Matthew J. Botica_____
            One of its attorneys

Matthew J. Botica (ARDC # 0620118)
Myja K. Kjaer (ARDC # 06289949)
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL  60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700
mbotica@winston.com
mkjaer@winston.com

## CERTIFICATE OF SERVICE

I, Myja K. Kjaer, an attorney, hereby certify that I caused a true and correct copy of the attached **Final Application of Winston & Strawn LLP, Counsel to the Official Committee of Unsecured Creditors of Arlington Hospitality, Inc., et al., for (I) Final Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. §§ 330 and 331 for the Period from October 1, 2007 through July 31, 2011 and (II) Final Approval of the Interim Fee Applications** to be served upon the parties on the attached service list on Monday, August 8, 2011 by first class mail, postage prepaid.

/s/ Myja K. Kjaer

2

Updated 8/2/11

**Master Service List**
**Arlington Hospitality, Inc., et al.**
**Case No. 05-34885**

Ira Bodenstein
Stephen G. Wolfe
United States Trustee
219 S Dearborn Street
Room 873
Chicago, IL 60604
Telephone: 312-886-7480
Facsimile: 312-886-5794

**Counsel to the Debtors**
Catherine L. Steege
Brian H. Meldrum
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312-923-2952
Facsimile: 312-840-7352
csteege@jenner.com

**Debtors**
Arlington Hospitality, Inc., et al.
2355 S. Arlington Heights Road
Suite 400
Arlington Heights, IL 60005
Telephone: 847-228-5401
Facsimile: 847-228-5409

**Counsel to Amerihost Franchise Systems**
Paula J. Morency
Jon C. Vigano
William Kohn
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 6060-6473
Telephone: 312-258-5500
Facsimile: 312-258-5600
pmorency@schiffhardin.com
jvigano@schiffhardin.com

**Counsel to Amerihost Franchise Systems**
Daniel M. Eliades
Gail B. Cooperman
Forman Holt & Eliades, L.L.C.
218 Route 17 North
Rochelle Park, NJ 07662
Telephone: 201-845-1000
Facsimile: 201-845-9112
deliades@formanlaw.com
gcooperman@formanlaw.com

**Counsel to PMC Commercial Trust**
Toby L. Gerber
Mark A. Platt
Kristian W. Gluck
Fulbright & Jaworski L.L.P.
Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Telephone: 214-855-8000
Facsimile: 214-855-8200
tgerber@fulbright.com

**Counsel to PMC Commercial Trust**
Thomas C. Wolford
James A. Snyder
Neal Gerber & Eisenberg LLP
Two N. LaSalle St., Suite 2200
Chicago, IL 60602
Telephone: 312-269-8000
Facsimile: 312-269-1747
twolford@ngelaw.com

Patrick M. Jones
Timothy S. McFadden
Locke Lord Bissell & Liddell
111 S. Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
Facsimile: 312-443-0336
pjones@lordbissell.com

Securities & Exchange Commission
Midwest Regional Office
175 W. Jackson Blvd Suite 900
Chicago, IL 60604
Telephone: 312-353-7400
Facsimile: 312-353-7398

**Counsel to Arlington LF, LLC**
John P. Sieger
Andrew L. Wool
Katten Muchin Rosenman LLP
Suite 1600
525 West Monroe Street
Chicago IL 60661-3693
Telephone: 312-902-5644
Facsimile: 312-577-4733

LaSalle National Bank, N.A.
ATTN: Legal Department
135 S. LaSalle Street
Suite 2140
Chicago, IL 60603
Telephone: 312-904-9338
Facsimile: 312-904-9340

DCR Mortgage III Sub 1
ATTN: Chris Moench
P.O. Box 299
St. Petersburg, FL 33731-0229
Telephone: 727-898-6666
Facsimile: 727-898-6606

PMC Capital, Inc.
17950 Preston Rd., Suite 600
Dallas, TX 75252
Telephone: 972-349-3234
Facsimile: 972-349-3265

The Citizens Bank of Logan
188 N. Main St.
Logan, OH 43138
Telephone: 740-385-8561
Facsimile: 740-385-0417

Jennifer L. Sucher, Esq.
General Electric Comm'l Finance
500 W. Monroe Street
Chicago, IL 60661
Telephone: 312-463-2300 x 7757
Facsimile: 312-441-6876
E-Mail: jennifer.sucher@ge.com

The First Security Bank
295 Hwy. 6 West
P.O. Box 690
Batesville, MS 38606
Telephone: 662-563-9311
Facsimile: 662-563-9310

Wachovia Securities
P.O. Box 20068
Charlotte, NC 28202-0068
Telephone: 704-715-4700
Facsimile: 704-715-4707

LaSalle Bank
135 S. LaSalle St.
Suite 2140
Chicago, IL 60602
Telephone: 312-904-2000

Safemark Systems, L.P.
2101 Park Center Dr., Suite 125
Orlando, FL 32835
Telephone:    800-255-8818
Facsimile:    407-299-7635

National City Bank MI/IL
Organization
325 N. Milwaukee Ave.
Libertyville, IL 60048
Telephone: 888-622-4932
Facsimile: 888-814-3287

2

Valley Ridge Bank
450 W. Muskegon
P.O. Box 248
Kent City, MI  49330
Telephone: 616-678-5911
Facsimile: 616-678-5615

BNY Midwest Trust Co.
2 N. LaSalle St., Suite 1020
Chicago, IL  60602
Telephone: 312-827-8500
Facsimile: 312-827-8562

Criimi Mae Services L.P.
Norwest Bank Minnesota, N.A., Trustee
c/o Criimi Mae, Inc.
Rockville, MD  20852
Telephone:  301-255-4700
Facsimile: 301-255-4878

**Counsel for General Electric Capital Business
Asset Funding Corporation**
Melanie Rovner Cohen
Christopher Combest
Benjamin L. Schneider
Quarles & Brady LLP
300 North LaSalle Street
Suite 4000
Chicago, IL  60654
Telephone:    312-715-5000
Facsimile:    312-715-5155

Kevin Chavanu
First Federal Bank West Des Moines
329 Pierce Street
Sioux City, Iowa 51101
Telephone:  712-277-0361
Facsimile:  712-277-0363
E-mail:  kchavanu@firstfederalbank.com

Gail B. Cooperman, Esq.
Forman Holt & Eliades LLC
218 Route 17 North
Rochelle Park, New Jersey  07662
Telephone:  201-845-1000
Facsimile:  201-845-9112
E-mail:  gcooperman@formanlaw.com

Daniel M. Eliades, Esq.
Forman Holt & Eliades LLC
218 Route 17 North
Rochelle Park, New Jersey  07662
Telephone:  201-845-1000
Facsimile:  201-845-9112
E-mail:  deliades@formanlaw.com

Aaron Mockridge
Gordon Food Service, Inc.
PO Box 2244
Grand Rapids, MI  49501
Telephone:  616-717-7313
Facsimile:  616-717-9183
E-mail:  amockrid@gfs.com

Huron Consulting Group LLC
1301 Avenue of the Americas
6th Floor
New York, New York 10019
Telephone:  646-277-2231
Facsimile:  212-785-1313

Steven A. Ginther
Special Assistant Attorney General
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO  65105-0475
Telephone:  573-751-5531
Facsimile:  573-751-7232

American Express Travel Related Svcs Co
Inc Corp Card
c/o Becket and Lee, LLP
P.O. Box 3001
Malvern, PA 19355-0701
Telephone: 610-644-7800
Facsimile: 610-993-8493

3

Jonathan E. Aberman
Foley & Lardner, LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610
Telephone: 312-832-4500
Facsimile: 312-832-4700

Harold D. Israel
Joel L. Miller
Kaye Scholer LLC
70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone: 312-583-2300
Facsimile: 312-583-2360

Roland Hwang
Assistant Attorney General
Revenue Division
G. Mennen Williams Building, 2nd Floor
P.O. Box 30754
Lansing, MI 48909
Telephone: 517-373-3203

John T. Gregg
Barnes & Thornburg LLP
300 Ottawa Avenue NW
Suite 500
Grand Rapids, MI 49503
Telephone: 616-742-3930
Facsimile: 616-742-3999

John D. Lien
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone: 312-832-4500
Facsimile: 312-832-4700

Thomas R. Fawkes
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone: 312-360-6000
Facsimile: 312-360-6571

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
Telephone: 617-422-0200
Facsimile: 617-896-6275

Deborah L. Thorne
Barnes & Thornburg LLP
One N. Wacker Drive, #4400
Chicago, IL 60606
Telephone: 312-357-1313
Facsimile: 312-759-5646

Deborah Kanner Ebner
11 East Adams Street, Suite 800
Chicago, IL 60603
Telephone: 312-922-3838 Ext. 5

4

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| **Arlington Hospitality, Inc., <u>et al</u>.,** | ) | **Case No. 05 B 34885** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | **Honorable A. Benjamin Goldgar** |

**FINAL APPLICATION OF WINSTON & STRAWN LLP, COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ARLINGTON
HOSPITALITY, INC., <u>ET AL</u>., FOR (I) FINAL ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. §§ 330 AND 331
FOR THE PERIOD FROM OCTOBER 1, 2007 THROUGH JULY 31, 2011 AND
<u>(II) FINAL APPROVAL OF THE INTERIM FEE APPLICATIONS</u>**

Winston & Strawn LLP ("Winston" or the "Firm"), counsel to the Official Committee of

Unsecured Creditors (the "Committee") of Arlington Hospitality, Inc., <u>et al</u>. and certain of its

affiliates (collectively, the "Debtors"), files this final application (the "Application") pursuant to

sections 330 and 331 of title 11 of the United States Code, §§ 101 <u>et seq</u>. (as amended, the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 5082-1 of the Local Rules of Bankruptcy Procedure for the United States

Bankruptcy Court for the Northern District of Illinois (the "Local Rules") seeking (i) final

allowance and payment of compensation in the amount of $277,581.72 and expense

reimbursement in the amount of $2,370.35 for legal services rendered and expenses incurred on

behalf of the Committee for the period from October 1, 2007 through July 31, 2011

(the "Application Period") and (ii) final approval of the Interim Fee Applications (as defined

herein) and final approval of the allowance and payment of compensation previously remitted to

Winston in accordance therewith. In support of this Application, Winston respectfully represents

as follows:

## INTRODUCTION

1.    Winston is an international law firm with attorneys in Charlotte, Chicago, Houston, New York, Washington, D.C., Los Angeles, San Francisco, London, Paris, Moscow, Geneva, Beijing, Shanghai and Hong Kong. Winston is a full-service firm with more than thirty attorneys specializing in the bankruptcy and corporate restructuring practice area.

2.    Winston has advised the Committee with respect to a number of matters prior to and during the Application Period including, without limitation, strategy relating to Arlington LF, LLC's ("Arlington LF") claim against the estates. Winston has worked together in a coordinated effort with the Debtors' counsel and Committee members to maximize value for the benefit of the Debtors' unsecured creditors.

3.    Most of the fees and expenses incurred by Winston during the Application Period relate to analyzing the impact of the District Court's ruling disallowing Arlington LF's claim, the ruling's impact on the estates and the subsequent appeal of the District Court's ruling to the Seventh Circuit. To this end, Winston believes it has conferred a benefit to the Debtors' estates and is entitled to receive final allowance and payment of the amounts requested herein.

## BACKGROUND

4.    On June 22, 2005, Arlington Inns, Inc. ("Arlington Inns"), a wholly owned subsidiary of Arlington Hospitality, Inc. ("AHI"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.    On August 31, 2005, AHI and twenty of its wholly-owned subsidiaries each filed a separate voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.    On October 28, 2005, four additional AHI affiliates each filed a separate voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly

2

administered by the Court.

7.     The Debtors continue to manage their remaining assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.     On September 7, 2005, the Court entered the *Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered by this Court on September 7, 2005 (the "Interim Compensation Order").

9.     On September 8, 2005, the United States Trustee for the Northern District of Illinois (the "Trustee") appointed the Committee which includes the following three members:  (a) First Federal Bank, (b) PMC Commercial Trust, and (c) Gordon Food Service, Inc. (collectively, the "Committee Members").

10.    On September 21, 2005, the Committee filed its *Application for Entry of an Order Authorizing the Employment and Retention of Winston & Strawn LLP as Counsel for the Official Committee of Unsecured Creditors.*

11.    On September 28, 2005, the Court entered an order (the "Retention Order") authorizing the Committee to retain Winston as its bankruptcy counsel retroactive to September 8, 2005.

12.    On October 9, 2007, the Debtors filed their First Amended Joint Plan of Orderly Liquidation (the "Plan") and the First Amended Disclosure Statement (the "Disclosure Statement").  The Disclosure Statement was approved by the Court on October 15, 2007.  The hearing on confirmation of the Plan has been adjourned to a date to be determined by the Court.

## JURISDICTION AND VENUE

13.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

3

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

14.  By this Application, Winston requests (i) final allowance and payment of compensation in the amount of $277,581.72 and expense reimbursement in the amount of $2,370.35 on account of services rendered and expenses incurred during the Application Period and (ii) final approval of the Interim Fee Applications (as defined herein).

15.  On November 28, 2005, Winston filed its *First Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from September 8, 2005 through October 31, 2005* (the "First Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $112,292.50 and expense reimbursement in the amount of $1,859.12.  The Court entered an order approving the First Interim Application on December 21, 2005.

16.  On March 24, 2006, Winston filed its *Second Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2005 through February 28, 2006* (the "Second Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $175,740.50 and expense reimbursement in the amount of $2,969.05.  The Court entered an order approving the Second Interim Application on May 2, 2006.

17.  On July 25, 2006, Winston filed its *Third Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2006 through June 30, 2006* (the "Third Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $241,549.50 and expense reimbursement in the

4

amount of $10,493.87.  On August 28, 2006, the Court entered findings of fact and conclusions

of law and an order allowing Winston compensation in the reduced amount of $231,170.00 and

reimbursement of expenses in the amount of $10,493.87.

18.  On November 21, 2006, Winston filed its *Fourth Interim Application for Interim*

*Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2006*

*through October 31, 2006* (the "Fourth Interim Application") whereby Winston requested

allowance and payment of compensation in the amount of $120,051.00 and expense

reimbursement in the amount of $4,438.94.  The Court entered an order approving the Fourth

Interim Application on December 13, 2006.

19.  On March 22, 2007, Winston filed its *Fifth Interim Application for Interim*

*Allowance of Compensation and Reimbursement of Expenses for the Period from November 1,*

*2006 through February 28, 2007* (the "Fifth Interim Application") whereby Winston requested

allowance and payment of compensation in the amount of $23,383.50 and expense

reimbursement in the amount of $811.26.  The Court entered an order approving the Fifth

Interim Application on April 30, 2007.

20.  On July 25, 2007, Winston filed its *Sixth Interim Application for Interim Allowance*

*of Compensation and Reimbursement of Expenses for the Period from March 1, 2007 through*

*June 30, 2007* (the "Sixth Interim Application") whereby Winston requested allowance and

payment of compensation in the amount of $24,009.50 and expense reimbursement in the

amount of $646.22.  The Court entered an order approving the Sixth Interim Application on

December 19, 2007.

21.  On November 21, 2007, Winston filed its *Seventh Interim Application for Interim*

*Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2007*

*through October 31, 2007* (the "Seventh Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $60,436.00 and expense reimbursement in the amount of $735.25. The Court entered an order approving the Seventh Interim Application on December 19, 2007. Notwithstanding approval of the Seventh Interim Application, only a portion of Winston's twenty-sixth monthly fee statement was paid, leaving a balance of $3,822.82 due and owing.

22.   On March 24, 2008, Winston filed its *Eighth Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2007 through February 29, 2008* (the "Eighth Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $38,395.50 and expense reimbursement in the amount of $1,876.51 The Court entered an order approving the Eighth Interim Application on April 21, 2008 and allowing Winston compensation in the amount of $38,395.50 and expense reimbursement in the amount of $443.73. Notwithstanding approval of the Eighth Interim Application, only a portion of Winston's (i) twenty-seventy monthly fee statement was paid, leaving a balance of $3,406.50 due and owing, (ii) twenty-eighth monthly fee statement was paid, leaving a balance of $942.80 due and owing and (iii) twenty-ninth monthly fee statement was paid, leaving a balance of $3,152.60 due and owing. Notwithstanding approval of the Eighth Interim Application, Winston's filed thirtieth monthly fee statement remains unpaid, leaving a balance of $896.14 due and owing.

23.   On July 25, 2008, Winston filed its *Ninth Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2008 through June 30, 2008* (the "Ninth Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $47,911.50 and expense reimbursement in the

6

amount of $598.06. The Ninth Interim Application has been pending before the Court until resolution of Arlington LF's claim in the Seventh Circuit and thus the entire amount set forth in the Ninth Interim Application is due and owing.

24. On November 25, 2008, Winston filed its *Tenth Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2008 through October 31, 2008* (the "Tenth Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $22,852.50 and expenses reimbursement in the amount of $425.40. The Tenth Interim Application has been pending before the Court until resolution of Arlington LF's claim in the Seventh Circuit and thus the entire amount set forth in the Tenth Interim Application is due and owing.

25. On March 25, 2009, Winston filed its *Eleventh Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2008 through February 28, 2009* (the "Eleventh Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $43,047.50 and expenses reimbursement in the amount of $333.88. The Eleventh Interim Application has been pending before the Court until resolution of Arlington LF's claim in the Seventh Circuit and thus the entire amount set forth in the Eleventh Interim Application is due and owing.

26. On July 24, 2009, Winston filed its *Twelfth Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2009 through June 30, 2009* (the "Twelfth Interim Application") whereby Winston requested allowance and payment of compensation in the amount of $37,931.50 and expenses reimbursement in the amount of $178.90. The Twelfth Interim Application has been pending before the Court until resolution of Arlington LF's claim in the Seventh Circuit and thus the

7

entire amount set forth in the Twelfth Interim Application is due and owing.

27.  On November 25, 2009 Winston filed its *Thirteenth Interim Application for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2009 through October 31, 2009* (the "Thirteenth Interim Application" and, together with the First Interim Application, Second Interim Application, Third Interim Application, Fourth Interim Application, Fifth Interim Application, Sixth Interim Application, Seventh Interim Application, Eighth Interim Application, Ninth Interim Application, Tenth Interim Application, Eleventh Interim Application and Twelfth Interim Application, the "Interim Fee Applications") whereby Winston requested allowance and payment of compensation in the amount of $22,444.50 and expenses reimbursement in the amount of $205.01.  The Thirteenth Interim Application has been pending before the Court until resolution of Arlington LF's claim in the Seventh Circuit and thus the entire amount set forth in the Thirteenth Interim Application is due and owing.

28.  As Winston was aware that the Ninth Interim Application, Tenth Interim Application, Eleventh Interim Application, Twelfth Interim Application and Thirteenth Interim Application would not be approved for payment until Arlington LF's claim was resolved by the Seventh Circuit and as it was Winston's understanding that all fee application decisions would be deferred by this Court until resolution of Arlington LF's claim in the Seventh Circuit, Winston has not filed monthly fee application for the time period from November 1, 2009 through July 31, 2011 (the "Unreported Application Period").  As the Seventh Circuit just recently upheld the District Court's ruling, which, in turn, relied on a theory raised by the Committee, that Arlington LF anticipatorily breached the financing agreement and therefore is not entitled to any fees or default interest, Winston is seeking, in addition to previously reported fees and expenses, fees incurred during the Unreported Application Period of $91,183.50 in addition to $618.96 in

expenses incurred during the Unreported Application Period (the "Previously Unreported Amount"). Detail supporting the time entry and work product with respect to the Previously Unreported Amount is provided below.

29.    To date, Winston has received only the few interim payments from the Debtors referenced above fo r services rendered during the Application Period and, specifically, has received no payments from the Debtors for the Unreported Application Period.

### Services Provided

30.    Winston assisted the Committee in the performance of its duties pursuant to section 1103(c) of the Bankruptcy Code including consulting with the Debtors' professionals and other parties in interest and generally representing the interests of unsecured creditors in these chapter 11 cases.

31.    In order to maximize efficiency, the majority of the services performed by Winston on behalf of the Committee were rendered by Matthew J. Botica and Mindy D. Cohn with other associates and paralegals assisting as necessary.

32.    With respect to the twenty-sixth monthly fee statement, for which there remains an unpaid balance of $3,822.82, Winston herein relies on the order previously approving the underlying Seventh Interim Application. Winston incorporates herein by reference the twenty-sixth monthly fee statement, Seventh Interim Application and order approving the Seventh Interim Application for the identification, description and appropriateness of the fees and expenses incurred therein.

33.    With respect to the twenty-seventh, twenty-eighth, twenty-ninth and thirtieth monthly fee statements, for which there remains an unpaid balance, respectively, of $3,406.50, $942.80, $3,152.60 and $896.14, Winston herein relies on the order previously approving the

9

underlying Eighth Interim Application. Winston incorporates herein by reference the twenty-seventh, twenty-eighth, twenty-ninth and thirtieth monthly fee statements, Eighth Interim Application and order approving the Eighth Interim Application for the identification, description and appropriateness of the fees and expenses incurred therein.

34. With respect to the Ninth Interim Application and monthly fee statements incorporated therein, for which the entire amount described therein of compensation in the amount of $47,911.50 and expense reimbursement in the amount of $598.06 remains unpaid, Winston herein relies on the order previously approving the underlying Ninth Interim Application. Winston incorporates herein by reference the thirty-first, thirty-second, thirty-third and thirty-fourth monthly fee statements, Ninth Interim Application and order approving the Ninth Interim Application for the identification, description and appropriateness of the fees and expenses incurred therein.

35. With respect to the Tenth Interim Application and monthly fee statements incorporated therein, for which the entire amount described therein of compensation in the amount of $22,852.50 and expenses reimbursement in the amount of $425.40 remains unpaid, Winston herein relies on the order previously approving the underlying Tenth Interim Application. Winston incorporates herein by reference the thirty-fifth, thirty-sixth, thirty-seventh and thirty-eighth monthly fee statements, Tenth Interim Application and order approving the Tenth Interim Application for the identification, description and appropriateness of the fees and expenses incurred therein.

36. With respect to the Eleventh Interim Application and monthly fee statements incorporated therein, for which the entire amount described therein of compensation in the amount of $43,047.50 and expenses reimbursement in the amount of $333.88 remains unpaid,

Winston herein relies on the order previously approving the underlying Eleventh Interim Application.   Winston incorporates herein by reference the thirty-eighth, thirty-ninth, fortieth and forty-first monthly fee statements, Eleventh Interim Application and order approving the Eleventh Interim Application for the identification, description and appropriateness of the fees and expenses incurred therein.

37.   With respect to the Twelfth Interim Application and monthly fee statements incorporated therein, for which the entire amount described therein of compensation in the amount of $37,931.50 and expenses reimbursement in the amount of $178.90 remains unpaid, Winston herein relies on the order previously approving the underlying Twelfth Interim Application.   Winston incorporates herein by reference the forty-second, forty-third, forty-fourth and forty-fifth monthly fee statements, Twelfth Interim Application and order approving the Twelfth Interim Application for the identification, description and appropriateness of the fees and expenses incurred therein.

38.   With respect to the Thirteenth Interim Application and monthly fee statements incorporated therein, for which the entire amount described therein of compensation in the amount of $22,444.50 and expenses reimbursement in the amount of $205.01 remains unpaid, Winston herein relies on the order previously approving the underlying Thirteenth Interim Application.   Winston incorporates herein by reference the forty-sixth, forty-seventh, forty-eighth and forty-ninth monthly fee statements, Thirteenth Interim Application and order approving the Thirteenth Interim Application for the identification, description and appropriateness of the fees and expenses incurred therein.

39.   During the Unreported Application Period, Winston billed a total of 133.00 hours and $91,183.50 in fees.  A summary of participating attorneys and paraprofessionals is set forth

11

in a table below which includes each attorney's experience level, the number of hours expended,

the applicable hourly rate and total dollar amount billed for his or her services.

| Attorneys | Year Admitted to Practice | Position | Hours | Hourly Rate[1] | Fees |
|---|---|---|---|---|---|
| Matthew J. Botica | 1975 | Partner | 93.90 | $750.00-$825.00 | $74,379.50 |
| Mindy D. Cohn | 2000 | Associate | 14.50 | $505.00-$515.00 | $7,409.50 |
| Myja K. Kjaer | 2006 | Associate | 13.80 | $470.00 | $6,486.00 |
| Nancy Godinho Everett | 2007 | Associate | 0.30 | $295.00 | $88.50 |
| **TOTAL** | | | **122.50** | | **$88,363.50** |

| Paraprofessionals | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Paige D. Stepan | 10.50 | $260.00-$295.00 | $2,820.00 |
| **TOTAL** | **10.50** | | **$2,820.00** |

40.  The blended hourly rate for Winston attorneys and paraprofessionals during the

Unreported Application Period was $685.59 which amount is derived by dividing the total

amount of fees billed by the total number of hours expended.

41.  During the Unreported Application Period, Winston attorneys performed services on

behalf of the Committee.  The most significant of these services relate to analyzing the District

Court's ruling in connection with the Debtors' and the Committee's objections to Arlington LF's

claim against the Debtors' estates and the Seventh Circuit appeal and subsequent ruling with

respect to the same.  The District Court, relying on a theory raised by the Committee, held that

---

[1]  The "Hourly Rate" represents Winston's customary hourly rate charged for each attorney's or paraprofessional's services.  Winston's hourly rates increased on January 1, 2009, January 1, 2010 and January 1, 2011 and the range set forth in the Hourly Rate category reflects those increases.

Arlington LF anticipatorily breached the financing agreement and therefore is not entitled to any fees or default interest. The District Court ruling was appealed by Arlington LF to the Seventh Circuit and the parties argued in front of the Seventh Circuit with respect to their respective positions on the District Court ruling on September 29, 2010. The Seventh Circuit upheld the District Court ruling on March 3, 2011 in a decision affirming that Arlington LP repudiated the parties' financing agreement and, therefore, Arlington LP was not entitled to fees or costs.

42. The following is a summary of Winston's requested fees by task category:

| Task Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 70.70 | $54,170.00 |
| Asset Analysis and Recovery | 2.00 | $540.00 |
| Fee Applications | 24.00 | $10,211.50 |
| Other Contested Matters | 0.80 | $628.00 |
| Business Operations | 5.40 | $2,781.00 |
| Financing and Cash Collections | 2.70 | $1,363.50 |
| Claims Administration and Objection | 15.10 | $11,593.00 |
| Plan and Disclosure Statement (including Business Plan) | 12.30 | $9,896.50 |
| **TOTAL** | **133.00** | **$91,183.50** |

43. A detailed itemization of the services rendered and hours expended by Winston's professionals and paraprofessionals in connection with each task category during the Unreported Application Period is attached hereto as **Exhibit A**. A list indicating how each task code corresponds to each task category is attached hereto as **Exhibit B**. A list, organized by task category, designating the name and hourly rate of each individual at Winston who performed services attributable to these cases during the Unreported Application Period is attached hereto as **Exhibit C**. A schedule of the expenses incurred by Winston & Strawn during the Unreported Application Period is attached hereto as **Exhibit D**.

44. The following narrative summary briefly describes the tasks performed in

13

connection with each principal task category:

    a.   <u>Case Administration</u>. This category includes services rendered with respect to communication with the Bankruptcy Court, attention to mediator issues and potential settlements with Arlington LF, attention to the Arlington LF brief and reply materials and preparation for the Seventh Circuit oral argument.

    Winston expended 70.70 hours providing legal services to the Committee in connection with this activity and seeks final allowance of $54,170.00 in compensation for those legal services. The amount of compensation requested in connection with this task category is summarized as follows:

| Name | Time | Fees |
|------|------|------|
| Matthew J. Botica | 66.3 | $52,414.00 |
| Mindy D. Cohn | 2.40 | $1,236.00 |
| Paige D. Stepan | 2.00 | $520.00 |
| **TOTAL** | **70.70** | **$54,170.00** |

    b.   <u>Asset Analysis and Recovery</u>. This category includes services rendered with respect to Rule 26.1 Disclosure Statement filings with the Seventh Circuit.

    Winston expended 2.0 hours (all of which is attributable to time expended by paralegals) providing legal services to the Committee in connection with this activity and seeks final allowance of $540.00 in compensation for those legal services. The amount of compensation requested in connection with this task category is summarized as follows:

| Name | Time | Fees |
|------|------|------|
| Paige D. Stepan | 2.00 | $540.00 |
| **TOTAL** | **2.00** | **$540.00** |

CHI:2556689.4

c.   Fee Applications.   This category includes services rendered with respect to preparing and filing Winston's monthly fee statements, Winston's Thirteenth Interim Application and this Application.

Winston expended 24.00 hours providin g legal services to the Committee in connection with this activity and seeks final allowance of $10,211.50 in compensation for those legal services.  The amount of compensation requested in connection with this task category is summarized as follows:

| Name | Time | Fees |
|---|---|---|
| Matthew J. Botica | 0.50 | $412.50 |
| Mindy D. Cohn | 2.90 | $1,464.50 |
| Myja K. Kjaer | 13.80 | $6,486.00 |
| Nancy Godinho Everett | 0.30 | $88.50 |
| Paige D. Stepan | 6.50 | $1,760.00 |
| **TOTAL** | **24.00** | **$10,211.50** |

d.   Other Contested Matters.   This category includes services rendered for appeal issues with respect to Arlington LF claim matters.

Winston expended 0.80 hours providing legal services to the Committee in connection with this activity and seeks final allowance of $628.00 in compensation for those legal services.  The amount of compensation requested in connection with this task category is summarized as follows:

| Name | Time | Fees |
|---|---|---|
| Mathew J. Botica | 0.80 | $628.00 |
| **TOTAL** | **0.80** | **$628.00** |

CHI:2556689.4

d.   <u>Business Operation</u>.   This category includes attention to mediation materials, attendance at mediation and compilation of information regarding estate cash available for distribution, if any.

Winston expended 5.40 hours providing legal services to the Committee in connection with this activity and seeks final allowance of $2,781.00 in compensation for those legal services.  The amount of compensation requested in connection with this task category is summarized as follows:

| Name | Time | Fees |
|---|---|---|
| Mindy D. Cohn | 5.40 | $2,781.00 |
| **TOTAL** | **5.40** | **$2,781.00** |

e.   <u>Financing and Cash Collections</u>.  The time in this category includes drafting filings in support of fee applications.

Winston attorneys expended 2.70 hours providing legal services to the Committee in connection with this activity.   Winston seeks final allowance of $1,363.50 in compensation for these legal services.   The amount of compensation requested in connection with this task category is summarized as follows:

| Name | Time | Fees |
|---|---|---|
| Mindy D. Cohn | 2.70 | $1,363.50 |
| **TOTAL** | **2.70** | **$1,363.50** |

f.   <u>Claims Administration and Objections</u>.   The time in this category includes attention to the analysis and resolution of claims asserted against the estates.

Winston attorneys expended 15.10 hours providing legal services to the Committee in connection with this activity.  Winston seeks final allowance of $11,593.00 in compensation for these legal services.   The amount of compensation requested in connection with this task category is summarized as follows:

16

| Name | Time | Fees |
|------|------|------|
| Mathew J. Botica | 14.20 | $11,129.50 |
| Mindy D. Cohn | 0.90 | $463.50 |
| **TOTAL** | **15.10** | **$11,593.00** |

   g. <u>Plan and Disclosure Statement</u>. This category includes services rendered

with respect to analyzing how the District Court's ruling affects the plan and related

matters.

   Winston expended 12.30 hours providing legal services to the Committee in

connection with this activity and seeks final allowance of $9,896.50 in compensation for

those legal services. The amount of compensation requested in connection with this task

category is summarized as follows:

| Name | Time | Fees |
|------|------|------|
| Matthew J. Botica | 12.10 | $9,795.50.00 |
| Mindy D. Cohn | 0.20 | $101.00 |
| **TOTAL** | **12.30** | **$9,896.50** |

## **Compensation Sought is Reasonable**

  45. In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

the amounts requested herein for compensation and expense reimbursement are fair and

reasonable given (a) the complexity of these cases; (b) the time expended; (c) the nature and

extent of the services rendered; (d) the value of Winston's services; and (e) the costs of

comparable services other than in a case under this title.

  46. Winston rendered thorough, complete and sophisticated advice to the Committee on

a wide range of issues. The Firm has made every effort to minimize its costs while providing the

highest quality of legal services. In addition, tasks were delegated to an associate where

appropriate. Winston submits that its services to the Committee have conferred a significant

17

CHI:2556689.4

benefit to the estates in a cost–effective manner.

### Expenses and Disbursements

47.  As authorized by the Retention Order, Winston charged the Committee for actual

and necessary expenses and disbursements incurred in the rendering of its legal services.  The

expenses and disbursements for which Winston seeks reimbursement are those customarily

charged to non-bankruptcy clients of Winston.  The expenses and disbursements for which

allowance is sought are summarized as follows:

| Disbursement Description | Amount |
|---|---|
| Computerized Legal Research | $236.29 |
| Messenger Services | $22.08 |
| Postage | $77.61 |
| Printing and Reproduction | $238.10 |
| Travel | $16.00 |
| PACER[2] | $28.88 |
| **TOTAL** | **$618.96** |

### CONCLUSION

48.  All services for which compensation is requested were performed for and on behalf

of the Committee and not on behalf of any other person or other entity.  Furthermore, Winston

has received no payments or promises for payment from any other source for the services

rendered or to be rendered in connection with these cases, and there is no agreement or

understanding for the sharing of compensation to be received for such services.

---

[2]    PACER expenses are reflected on Exhibit D as "Computer Docket System" charges.

18

WHEREFORE, Winston & Strawn LLP respectfully requests that the Court enter an order, substantially in the form of the attached proposed order: (i) allowing Winston, on a final basis, compensation in the amount of $277,581.72 for services rendered during the Application Period and expense reimbursement in the amount of $2,370.35 for expenses incurred during the Application Period, (ii) directing the Debtors to remit payment to Winston in the amount of $279,952.07, (iii) approving, on a final basis, the Interim Fee Applications and the allowance and payment of compensation previously remitted to Winston in accordance therewith and (iv) granting such other and further relief the Court deems just and proper.

Dated: August 8, 2011  
      Chicago, Illinois

Respectfully submitted,

**WINSTON & STRAWN LLP**

By:   /s/ Matthew J. Botica  
Matthew J. Botica (ARDC # 00260118)  
Myja K. Kjaer (ARDC # 06289949)  
35 West Wacker Drive  
Chicago, IL 60601  
Telephone: (312) 558-5600  
Facsimile: (312) 558-5700  
mbotica@winston.com  
mkjaer@winston.com

*Counsel to the Official Committee of Unsecured*  
*Creditors of Arlington Hospitality, Inc., et al.*

19